UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

JONATHAN LEE SHULL,

    Petitioner,

V.

C. GOMEZ, Warden,

    Respondent.

Civil Action No. 6:18-cv-276-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

*Pro se* petitioner Jonathan Shull has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] Shull, relying on *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), among other cases, claims that he is entitled to a lower sentence because he is "actually innocent" of an enhancement applied to his United States Sentencing Guidelines range. [*See* R. 1-1.] But because Shull brings constitutional challenges to his sentence and does not identify any intervening changes in statutory law that would impact his Guidelines range, Shull's claim is not appropriate in this § 2241 proceeding. The Court, therefore, must **DENY** his petition.

**I**

In late 2003, Jonathan Shull pled guilty to two bank robberies that occurred in North Carolina. [*See Shull v. United States*, Case No. 1:08-cv-141 (W.D.N.C. 2008), R. 37 at 2-3, therein.] Subsequently, in 2004, Shull pled guilty to a third bank robbery that had occurred the previous year in Lenoir City, Tennessee. [*Id.*] All three robberies were consolidated for purposes of Shull's sentencing proceeding. [*Id.*]

During sentencing, the Western District of North Carolina found that Shull was subject to a base offense level of twenty (20) under the United States Sentencing Guidelines but that numerous Guidelines enhancements applied. One such enhancement was a six (6) point enhancement for displaying and pointing a weapon at the bank teller during the bank robbery which occurred in Tennessee. *See id.* at 4; U.S.S.G. § 2B3.1(b)(2)(B). The court, treating the Guidelines as mandatory, imposed a sentence of 293 months on the Tennessee bank robbery and 240 months on each of the North Carolina bank robberies, all to be run concurrently for a total sentence of 293 months. [*See Shull v. United States*, Case No. 1:08-cv-141 (W.D.N.C. 2008), R. 37 at 5-6, therein.]

Shull appealed, and the Fourth Circuit Court of Appeals remanded his case in light of *United States v. Booker*, 543 U.S. 220 (2005), directing the sentencing court to perform a more wholistic evaluation of the sentence to be imposed. Upon remand, the court considered the Guidelines range as well as the 18 U.S.C. § 3553 factors, but ultimately imposed the exact same sentence, a total term of incarceration of 293 months. [*Id.* at 6-7.] Notably, the court found, again, that the six point enhancement pursuant to United States Sentencing Guideline § 2B3.1(b)(2)(B) applied to the Tennessee bank robbery. [*Id.* at 7.] Shull appealed once more, but the Fourth Circuit Court of Appeals affirmed the resentencing. [*Id.* at 7-8.] Shull then sought relief under 28 U.S.C. § 2255, but this too was unsuccessful. [*Id.* at 1-14.]

Shull now seeks relief in this Court by way of a 28 U.S.C. § 2241 petition, which is now before the Court for a preliminary screening pursuant to 28 U.S.C. § 2243. [*See* R. 1.] Upon the Court's initial screening, a § 2241 petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule

1(b)). The Court evaluates Shull's petition under a more lenient standard because he is proceeding without an attorney, and the Court, at this stage of the proceedings, accepts his factual allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## II

After reviewing Shull's petition, the Court finds he is not entitled to relief under 28 U.S.C. § 2241 even despite the more lenient construction afforded to *pro se* petitioners. Throughout his petition, Shull argues that he is "actually innocent" of the § 2B3.1(b)(2)(B) enhancement that was applied to his Tennessee robbery Guidelines range during sentencing. However, Shull claims he mistakenly received this significant six level enhancement for a variety of constitutional reasons, such as ineffective assistance of counsel and the Government's alleged withholding of evidence. [*See* R. 1-1.] These claims do not trigger the savings clause of 28 U.S.C. § 2255(e), which must be satisfied for Shull to challenge his conviction and sentence in a § 2241—rather than § 2255—proceeding.

The § 2255(e) savings clause applies to allow a petitioner to challenge his conviction and sentence only in very narrow circumstances. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). An exception to the general rule that a petitioner may only bring such challenges in a 28 U.S.C. § 2255 proceeding exists when a prisoner's remedy under § 2255 is inadequate or ineffective, and where the prisoner can demonstrate that an intervening change in statutory law establishes his actual innocence. *See Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed, because he did not file a § 2255 motion, or because he did file such a motion and was denied relief. *See Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002);

*Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review . . . ."). Further, to properly invoke the savings clause, a petitioner must contend he is "actually innocent" by showing that, after his conviction became final, the Supreme Court reinterpreted the substantive terms of a statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten*, 677 F.3d at 307-08 (citing *Peterman*, 249 F.3d at 461-62). In addition, the Supreme Court's newly-announced interpretation must be retroactively applicable to cases on collateral review. *Id.* at 308.

The Sixth Circuit Court of Appeals has extended this principle to allow a petitioner to seek relief from a misapplied Guidelines enhancement, *see Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), and Shull attempts to rely on that case to demonstrate that the § 2255(e) savings clause applies to invalidate his six level Guidelines enhancement. But the *Hill* case is distinct from Shull's situation in a number of critical ways. In *Hill*, the Sixth Circuit allowed a petitioner to seek relief from a misapplied Guidelines enhancement where (1) the petitioner was sentenced before *United States v. Booker*, 543 U.S. 220 (2005), when the Guidelines were mandatory; (2) the petitioner was foreclosed from filing a successive petition under § 2255; and (3) a subsequent, retroactive change in statutory interpretation made clear that one of the petitioner's previous convictions was not a predicate offense for a Guidelines' enhancement the petitioner received. *Hill*, 836 F.3d at 599-600. Here, although Shull was originally sentenced prior to *Booker*, he was resentenced to his current term of incarceration after *Booker*, when the Guidelines range was no longer binding upon the Court. [*See, e.g., Shull v. United States*, Case No. 1:08-cv-141 (W.D.N.C. 2008), R. 37 at 6-7, therein.] Further, regardless of whether Shull is or is not foreclosed from bringing his claims under § 2255 as he contends, Shull has in no way directed the Court to any

4

intervening and retroactive interpretations of *statutory* law that apply to his case. *See Hill*, 836 F.3d at 599-600; *Wooten*, 677 F.3d at 307-08.

At the end of the day, the bulk of Shull's memorandum in support of his § 2241 petition concerns arguments that Shull needed to make on direct appeal or in a § 2255 petition, such as whether or not his attorney provided ineffective assistance of counsel and whether the Government wrongfully withheld certain evidence during his criminal proceeding. *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014). Because the savings clause set forth in § 2255(e) does not apply, 28 U.S.C. § 2241 affords Shull no relief and his petition must be denied.

### III

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Shull's petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. Judgment will be entered contemporaneously herewith.

Dated December 6, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY